IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

EGOSCUE, INC., a California corporation,

    Plaintiff,

v.

PAIN FREE POSTURE THERAPY LLC., a Colorado limited liability company,
ANU LAWRENCE, an individual, and,
JOHN DOE 1, whose true name is unknown
JOHN DOE 2, whose true name is unknown
JOHN DOE 3, whose true name is unknown
JOHN DOE 4, whose true name is unknown
JOHN DOE 5, whose true name is unknown

    Defendants.

---

**COMPLAINT FOR:**
**(1) SERVICE MARK, TRADEMARK AND TRADE NAME INFRINGEMENT;**
**(2) FALSE DESIGNATION OF ORIGIN;**
**(3) DILUTION AND UNAUTHORIZED USE OF SERVICE MARK;**
**(4) MISAPPROPRIATION OF TRADE SECRETS;**
**(5) UNFAIR COMPETITION;**
**(6) DEFEND TRADE SECRETS ACT**

**[JURY TRIAL DEMAND]**

---

Plaintiff, EGOSCUE, INC., a California corporation, as and for its causes of action against Defendants, and each of them, alleges as follows:

## JURISDICTION AND VENUE

1. This action is for service mark, trademark and trade name infringement; false designation of origin; dilution and unauthorized use of service mark; and unfair competition. These Counts arise under: The Federal Trademark Act of 1946, as amended [The Lanham Act, 15 U.S.C. §1051 et seq.]; The Uniform Trade Secrets Act of Colorado [CO Rev Stat § 7-74-101]; and the Common Law of the State of Colorado. This Court has jurisdiction pursuant to: 15 U.S.C. §1121 [actions arising under the Federal Trademark Act]; 28 U.S.C. §1338(a) [acts of Congress relating to trademarks]; 28 U.S.C. §1338(b) [pendant jurisdiction over unfair competition claims]; and, 18 U.S.C. §1836(b) [the Defend Trade Secrets Act]. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) in that a substantial part of the events causing infringement, dilution, confusion and damage to Plaintiff's service mark and trade name have occurred within the District of Colorado.

## GENERAL ALLEGATIONS

2. Plaintiff, EGOSCUE, INC. is a corporation organized and existing under the laws of the State of California, with its principal office and place of business in the City of San Diego, County of San Diego, and State of California.

3. Plaintiff is informed and believes and thereon alleges, Defendant PAIN FREE POSTURE THERAPY LLC, is a limited liability company organized under the laws of the State of Colorado. Plaintiff is informed and believes and thereon alleges, Defendant ANU LAWRENCE, is an individual residing in the Denver, Colorado.

4. Plaintiff is ignorant of the true names or capacities of Defendants sued herein as JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5 and, therefore, sues said Defendants by such fictitious names. Plaintiff will amend this

Complaint to allege the true names or capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each such fictitiously-named Defendants were responsible in some manner for the occurrences herein alleged, and that Plaintiff's injury as herein alleged was proximately caused by such Defendants' acts.

5.  Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants was the agent of each of the other Defendants, and in doing the things herein alleged, acted within the course and scope of such agency.

6.  Plaintiff is informed and believes and thereon alleges, Defendants have committed and will continue to commit acts of: service mark, trademark, and trade name infringement; false designation of origin; dilution and unauthorized use of service mark; and unfair competition, as hereinafter more specifically alleged, causing actual confusion and injury to Plaintiff in the District of Colorado and elsewhere throughout the United States, through the conduct of business and sale in interstate commerce of its services under the name and service marks identified on Exhibit "1" to this Complaint, or some derivation thereof, and by intentionally misrepresenting and deceiving customers as to Defendants' identity and relationship with Plaintiff through the use of internet, social media platforms, and other telecommunication devices used in commerce, all to the detriment of Plaintiff.

## COUNT ONE

## INFRINGEMENT OF FEDERALLY-REGISTERED SERVICE MARK

7.  This count is for infringement of Plaintiff's service mark registered in the United States Patent and Trademark Office, arising under Section 32 of the Federal Trademark Act (15 U.S.C. §1114).

8.  Plaintiff owns the right, title, and interest through license to a unique and successful system for the establishment and operation of exercise and anatomical function clinics dedicated to the eradication of body pain and promotion of fitness through motion, offering such goods and services and employing such procedures, processes,

and techniques that are generally described as the Egoscue Method or Egoscue System.

9. Plaintiff has expended significant time, effort, and resources in developing, implementing, and marketing the Egoscue Method, products and services offered under and used in connection with Egoscue Method include certain state, federal, and common law trade names, trademarks, service marks, logos, and trade dress and other intellectual property rights and which are Egoscue's sole property.

10. Plaintiff is in the business of licensing the operation of the Egoscue Method to others and currently has licensing arrangements with over 30 franchisees located throughout the United States.

11. Plaintiff is the owner of multiple service mark and trademark registrations, a list of which is attached as **Exhibit "1"** to this Complaint and is incorporated by reference herein. The registrations identified in Exhibit "1" to this Complaint have been renewed at various times and are all currently valid, uncontestable, subsisting, uncanceled, and unrevoked.

12. On April 6, 2016, Plaintiff and Defendant ANU LAWRENCE entered into a Facility License Agreement for the operation of an Egoscue clinic in Denver, Colorado ("Denver Agreement"). A copy of the Denver Agreement is attached hereto as **Exhibit "2"** and incorporated by reference here.

13. On September 30, 2021, Defendant Lawrence terminated the Denver Agreement with Plaintiff. A copy of Defendant Lawrence's termination notice is attached hereto as **Exhibit "3"** and incorporated by reference herein.

14. In the termination notice, Defendant Lawrence states that he will comply with the provisions of the Denver Agreement regarding closure and represents to Plaintiff that he will dispose of and/or cease using any Egoscue-branded materials or references including on social media channels.

15. Notwithstanding the representations in Exhibit "3" that Defendant Lawrence would comply with the provisions of the Denver Agreement regarding closure, on the

{GR1009.DOCX:4}

following day (October 1, 2021), Defendant Lawrence breached the provisions of paragraph 6.1 of the Denver Agreement by using a password-protected customer list with 1,600 Egoscue customers to solicit new customers for his co-defendant competing limited liability company, Pain Free Posture Therapy LLC.

16. The solicitation of Egoscue customers using the proprietary customer list displayed the Egoscue Method registered mark and confirmed that Defendants would be offering the same service and posture therapy that they had come to expect from the Denver Egoscue clinic. This solicitation to the 1,600 Egoscue customers in violation of the registered marks is an undeniable infringement of the service mark, trademarks, and trade name, all registered and owned by Plaintiff. A copy of Defendant's solicitation is attached hereto as **Exhibit "4"** and incorporated by reference herein.

17. On at least two subsequent occasions, Defendants again used the proprietary customer list to solicit Egoscue accounts for their competing brand in the Denver area evidencing an additional pattern of conduct constituting infringement of the protected Egoscue marks.

18. Plaintiff is informed and believes and thereupon alleges that Defendants' use of the protected marks in solicitation of new customers has caused, and is likely to continue to cause, mistake, confusion, or deception in the minds of the public and has resulted in actual confusion.

19. Plaintiff has never given written or oral permission or consent or license to Defendants to use the marks subsequent to termination of Defendants' Denver Agreement.

20. Defendants, by the above enumerated willful acts, have unlawfully violated and infringed the rights of Plaintiff and its tradename and registered service marks.

21. Plaintiff, through its counsel, specifically requested in writing that Defendants cease using all protected Egoscue marks or any confusingly similar variation thereof. To date, Defendants have failed and refused, and continue to fail and refuse, to

{GR1009.DOCX:4}

cease using the names and protected Egoscue marks. A copy of counsel's demand dated October 5, 2021 is attached as hereto as **Exhibit "5"** and incorporated by reference herein.

22.   Plaintiff is informed and believes and there upon alleges that, unless restrained by the Court, Defendants' activities will inevitably continue to cause confusion, mistake, and deception and will irreparably injure and damage Plaintiff in that the trade and public will erroneously believe that the services and/or business of Plaintiff and Defendants have a common origin which is untrue as a result of the termination by Defendants of their previous franchise relationship with Plaintiff.

23.   Plaintiff is further concerned that since Defendant Lawrence was a previous franchisee of the Egoscue Method that this will enhance his ability to continue to confuse existing and prospective customers concerning the availability of similar services by Defendants' competing brand.

24.   The continued use of the customer list developed while Defendant Lawrence was a franchisee of Plaintiff permits him to imply that he remains in some way connected or associated by reason of which Plaintiff's reputation and goodwill have been and will be subjected to the hazards and perils attendant upon Defendants' business activities, reputation and the quality of their services over which Plaintiff has no control whatsoever.

## COUNT TWO

## FEDERAL (LANHAM ACT) FALSE DESIGNATION OF ORIGINS

25.   Plaintiff restates and realleges the allegations of Paragraphs 1 through 24, inclusive, of Count One of this Complaint, and the acts of Defendants asserted therein, as if fully set forth in this Count.

26.   This Count arises under Section 43(a) of the Trademark Act of 1946, as amended, 15. U.S.C. § 1125(a) (false designation of origin).

27.   The continued use of the Egoscue logo or designation, as well as other

protected marks, by Defendants is a false designation of origin as to the services and/or business promoted by Defendants in commerce in that purchasers and prospective purchasers of Defendants' services or business offerings are led to believe they originate with, are sponsored by, or affiliated with Plaintiff. Whereas, in fact, Defendants now, as a result of the termination of their franchise, have no connection whatsoever with Plaintiff, and Plaintiff has no responsibility for or control over Defendants' services, business, or activities.

28.     The continued use and promotion by Defendants of marks essentially identical and confusing to Plaintiff's name and registered marks in conducting their business and commerce together with other acts and practices of Defendants as hereinabove alleged have confused, and will continue to confuse, trade and public as to the source, sponsorship, affiliation, or approval of the services and business of Defendants as a result of which Plaintiff has been, and is likely to be, further irreparably damaged.

## COUNT THREE

## DILUTION OF SERVICE MARK AND UNAUTHORIZED USE THEREOF

29.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 28, inclusive of this Complaint, and the acts of Defendants asserted therein, as if fully set forth in this Count.

30.     This Count arises under Colorado Revised Statutes Title 7 – Corporations and Associations Trade Secrets – Article 74 - Uniform Trade Secrets Act (hereafter "UTSA"). Plaintiff is entitled to injunctive relief pursuant to the provisions of C.R.S. § 7-74-103 (1917) and C.R.S. § 7-74-104 (2017).

31.     Defendants' use of the marks on Exhibit "1" in connection with its solicitation of customers and in connection with Defendants' services, as a trade name and mark in connection with their business activities, has damaged Plaintiff's business reputation by causing the trade and public to believe that the services offered by Defendants are

approved, sponsored, or licensed by Plaintiff. Said unauthorized use of the name, mark, and trade name is likely to dilute, has diluted and, unless enjoined, will continue to dilute the distinctiveness and uniqueness of Plaintiff's service marks as identified in Exhibit "1" which service marks have long been associated exclusively with Plaintiff and Plaintiff's services and business and will thereby tend to diminish the immense value and goodwill attendant to such service marks.

32. Defendants' use of Plaintiff's trade name and service marks in connection with their business and services, unless enjoined, will associate, or tend to associate, Plaintiff's high-quality services and business with Defendants' services and business which will inevitably tarnish Plaintiff's reputation and the image with the public and will cause irreparable damage.

## COUNT FOUR

## MISAPPROPRIATION OF TRADE SECRETS

33. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 32, inclusive, of this Complaint, and the acts of Defendants asserted therein, as if fully set forth in this Count.

34. Defendant Lawrence executed an Egoscue Facility License Agreement (Denver Agreement) in 2016 [see Exhibit 2].

35. Paragraph 6.1 of the Denver Agreement states that Plaintiff is the sole owner of all proprietary rights to use the Egoscue Method and Egoscue System and marks and that all material information relating the indicia revealed to Defendant Lawrence under the Denver Agreement constitutes trade secrets of Plaintiff Egoscue which were revealed in confidence, solely for the purpose of enabling the licensee to establish and operate the Egoscue clinic in Denver.

36. This paragraph goes on further to state that both during the term of the Denver Agreement, and <u>for ten (10) years after the term of the Agreement</u>, that Defendant Lawrence would not reveal any proprietary information to any other person or entity and

{GR1009.DOCX:4}   8

that he would not use any such proprietary information in connection with any business or venture in which he has a direct or indirect interest.

37. The use of the password-protected customer list consisting of 1,600 Egoscue customers is a specific breach of this provision in the Denver Agreement and a separate "Mind Body" agreement. The customer list used to solicit 1,600 existing Egoscue customers is a trade secret pursuant to the provisions of C.R.S. § 7-74-102.

38. Plaintiff has developed the customer list used by Defendant Lawrence to solicit business for his new venture at great expense and further has used reasonable efforts to maintain its secrecy.

39. The customer list was acquired by Defendants under circumstances giving rise to a duty to maintain its secrecy, and Defendants owed a duty to Plaintiff to maintain its secrecy based on the provisions of the Denver Agreement.

40. Defendants did not obtain express or implied consent of Plaintiff prior to using the customer list to solicit new customers for Defendants' competing limited liability company.

41. The customer list used by Defendants to solicit Egoscue customers for its new business was acquired by improper means constituting a breach of a contractual duty to maintain the secrecy of the customer list.

42. The misappropriation of the customer list by Defendants entitles Plaintiff to an award of damages consisting of the actual loss caused by the misappropriation and any unjust enrichment received by the misappropriating defendants not included in the actual loss pursuant to C.R.S. § 7-74-104.

43. Plaintiff's damages may include the cost that Plaintiff incurred for research and developing the customer list as a trade secret, lost sales or profits resulting from misappropriation of trade secrets and additional damages as required by statutory provisions of UTSA.

44. Since the misappropriation by Defendants was intentional and represented

{GR1009.DOCX:4}            9

a willful and wanton disregard of, the Court or the jury may award punitive damages in addition to the amount of compensatory and unjust enrichment damages already awarded. C.R.S. § 7-74-104(2).

45. The UTSA C.R.S. § 7-74-108 further provides that relief based on this section does not affect contractual remedies whether or not based on misappropriation of a trade secret or other civil remedies that are not based upon misappropriation of a trade secret. [See C.R.S. § 7-74-108(2)(a) and (b).]

46. Defendants' use of the protected marks on Exhibit "1" in connection with Defendants' services has damaged Plaintiff's business reputation by causing trade and public to believe that the services offered by Defendants are approved, sponsored, or licensed by Plaintiff. Defendants' use of the marks on Exhibit "1" has infringed upon Plaintiff's trade name and, unless enjoined, will cause the trade and public to associate Plaintiff's high-quality services and business with Defendants' services and business which will inevitably tarnish Plaintiff's reputation and image with the public and will cause irreparable damage.

## COUNT FIVE

## COMMON LAW UNFAIR COMPETITION

47. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 46, inclusive, of this Complaint, and the acts of Defendants asserted therein, as if fully set forth in this Count.

48. This Count arises under the common law of trademarks and unfair competition.

49. Particularly, because Defendants are using the same service mark and/or trade name used by Plaintiff, Defendants' continued use of the name and mark will lead to the erroneous belief that Defendants' services and business are associated with, originate with, are sponsored by, are endorsed by, or are licensed by Plaintiff. If Defendants are permitted to continue to use the same marks, Defendants will be enabled

to misappropriate and unfairly trade upon Plaintiff's valuable goodwill and the renown of Plaintiff's service marks, and subject Plaintiff's goodwill and reputation in the name and mark to the hazards and perils attendant upon Defendants' business activities over which Plaintiff has no control whatsoever.

50. Said acts of Defendants constitute unfair competition and infringement of Plaintiff's common law rights. Such unfair competition and infringement will continue unless enjoined by this Court.

## COUNT SIX

## DEFEND TRADE SECRETS ACT

51. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 50, inclusive, of this Complaint, and the acts of Defendants asserted therein, as if fully set forth in this Count.

52. As alleged above, in Count Four of this Complaint, Defendant Lawrence acquired the customer list during the term of the Denver Agreement prior to his termination of that agreement. [See Exhibit "2"]

53. Defendants acquired the customer list and other protected proprietary information prior to the termination of the Denver Agreement on September 30, 2021. [See Exhibit "3"]

54. Plaintiff has taken reasonable precautions to keep the customer list confidential through password protection as well as non-disclosure agreements.

55. Defendants, while acting as franchisees of Plaintiff, were required to use the Mind Body system which provides that all customer list data and other proprietary information is the property of Plaintiff.

56. Plaintiff's records indicate that Defendant Lawrence downloaded the customer list from the Mind Body system on September 29, 2021 and immediately used it to solicit customers for his new business operation.

57. Additional steps taken by Plaintiff to protect the confidentiality and secrecy

{GR1009.DOCX:4}   11

of the customer list involve the fact that the employees are required to sign a non-disclosure agreement.

58. In order to develop the customer list and other protectable trade secrets, Plaintiff invested hundreds of thousands dollars yearly in marketing efforts particularly around events and shares those leads with franchisees such as Defendants. In addition, franchisees receive leads from the Plaintiff's website traffic and built social media networks to advertise in their local communities using Plaintiff's trademarks.

59. Plaintiff's business operations began over fifty (50) years ago and there has been a substantial effort and financial investment over that period of time to develop customer lists and related data.

60. Plaintiff has taken reasonable measures to keep the trade secret and other proprietary information secret; and the information in the customer list creates independent, economic value from not being generally known to, or regularly ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of this information.

61. The conduct of Defendants alleged hereinabove occurred in 2021 after the effective date of the DTSA of May 11, 2016.

62. In addition to providing basic contact information, the password-protected customer list used by Defendants to solicit business for their new venture contains information regarding the customers' purchase history, appointment history, areas for treatment, and other purchasing information.

## JURY DEMAND

EGOSCUE, INC. demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff EGOSCUE, INC. respectfully requests from this Court:

1. That Defendants, their agents, servants, employees, attorneys, successors and assigns, and all those acting under the authority of or in privity with any

of them, and each and all of them, be preliminarily and permanently enjoined from directly or indirectly:

    a.    Using in any manner the password-protected customer list, consisting of approximately 1,600 customers, acquired by Defendants on September 30, 2021 to promote, advertise, or offer Defendants' services;

    b.    Using in any manner in connection with the advertising, promotion, distribution, offering or marketing of services, the trade names, trademarks or service marks identified on Exhibit "1" to this Complaint, or any other variation or colorable imitation of Plaintiff's trade name, trademark or service mark, customer lists, names, addresses or telephone numbers;

    c.    Engaging in advertising, promotion, distribution, offering or marketing services using the trade names, trademarks or service marks of Egoscue, Inc. or any other variation or colorable imitation of the marks on Exhibit "1" to this Complaint;

    d.    Infringing Plaintiff's rights in the registered service marks and trademarks identified on Exhibit "1" to this Complaint; and,

    e.    Continuing to designate falsely the origin of Defendants' services and continuing falsely to describe or represent such services in the manner herein complained of or in any other manner.

    2.    That Defendants be required to deliver up for destruction all business materials, advertising and promotional materials, stationery, or other materials in their possession or under their control which bear or contain any designation consisting of or comprising the service mark and trade names of Egoscue, Inc. or any other variation or colorable imitation of Plaintiff's service marks and trade name.

    3.    That Defendants be required to remove its URL listing(s) which include(s) the Egoscue marks identified on Exhibit "1" to this Complaint or any other variation or colorable imitation of Plaintiff's service marks and trade name from the internet.

4. That Defendants be required to discontinue use of the telephone numbers associated with the clinic and used in advertising by Defendants for approximately the past 24 months in connection with development of new business for Defendants. These telephone numbers would include the office number and cell number.

5. That Defendants be required to pay to Plaintiff the costs and disbursements of this action, including attorneys' fees.

6. That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the order granting injunctive relief, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the order granting the injunctive relief.

7. That Defendants be required to account and pay over to Plaintiff all profits received by Defendants by reason of such Defendants' complained of acts.

8. That Plaintiff be awarded all damages it has sustained by reason of Defendants' infringement, willful infringement, and unfair competition and that such damages be tripled.

9. That Plaintiff has such other further and different relief as the nature of this case may require and this Court may deem just and proper.

Dated: December 7, 2021                Respectfully submitted,

*s/ R. Keith McKellogg*
R. Keith McKellogg, Esq.
Circuit, McKellogg, Kinney & Ross LLP
7979 Ivanhoe Avenue, Suite 200
La Jolla, CA 92037
Telephone: (858) 459-0583
E-mail: kmckellogg@cmkr.com
Attorneys for Plaintiff, Egoscue, Inc.

Plaintiff's Address:
12230 El Camino Real, Suite 110
San Diego, CA 92130