IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:   1:21-cv-03282-SKC

EGOSCUE, INC., a California corporation,

    Plaintiff,

v.

PAIN FREE POSTURE THERAPY, LLC, a Colorado limited liability company, ANU LAWRENCE, an individual, and JOHN DOES.

    Defendants.

## DEFENDANTS' MOTION TO STAY PENDING ARBITRATION

Pain Free Posture Therapy, LLC and Anu Lawrence (collectively, "Defendants") move to stay this proceeding pending arbitration pursuant to the Franchise Agreement's mandatory arbitration provision.[1]

## INTRODUCTION

The Court should stay this matter and require Plaintiff Egoscue, Inc. ("Plaintiff") to complete the pending arbitration it initiated against Defendants on November 8, 2021, pursuant to the terms of the Parties' mandatory arbitration clause in §16.14 of the Parties' Franchise Agreement, attached hereto as <u>Exhibit A</u>.  The parties even agreed to have the threshold question of arbitrability decided by the arbitrator.

---

[1] **Certificate of Conferral.** Under D.C.COLO.LCivR 7.1, counsel for Defendants conferred with Plaintiff's counsel who opposes the relief requested.

## BACKGROUND

Plaintiff is the franchisor of postural therapy clinics. Plaintiff filed an Arbitration Demand after one of its franchisees, Defendant Anu Lawrence, notified his clients that he was ending his franchise with Plaintiff. Plaintiff alleges Mr. Lawrence's notification bore Plaintiff's trademark, and therefore, Mr. Lawrence somehow infringed on Plaintiff's intellectual property.

On November 8, 2021, Plaintiff initiated arbitration against Defendants with the American Arbitration Association ("AAA") styled *Egoscue, Inc. v. Anu Lawrence and Pain Free Posture Therapy, LLC*, Case No. 01-21-0017-2374. Plaintiff argued in its Arbitration Demand that the parties were subject to "an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association." (*See* Arbitration Demand, attached as Exhibit B). According to Plaintiff, the Franchise Agreement "expressly provided in paragraph 16.14 for arbitration" and that any dispute related to the Franchise Agreement "should be settled by binding arbitration administered by the American Arbitration Association under its Commercial Rules, at San Diego, California[.] (Exhibit B, ¶7). Over the next 5 months the Parties selected an Arbitrator, paid all deposits, participated in the Scheduling Conference, received the Scheduling Order issued by the Arbitrator, and propounded Interrogatories and Requests for Production of Documents. The parties are in the midst of discovery with the final Arbitration Hearing is set for July 25-29, 2022 in San Diego, California, less than five months away.

The Parties entered into the Franchise Agreement on April 6, 2016. Mr. Lawrence received the Franchise Disclosure Document ("FDD"), mandated by Federal Trade Commission Rule and

2

California Statute, that same day. (*See* abridged FDD, attached as Exhibit C.)² The FDD and the Franchise Agreement make clear that all disputes must be arbitrated.

The State Cover Page of the FDD provided:

**THE EGOSCUE FACILITY FRANCHISE AGREEMENT REQUIRES THAT ALL DISAGREEMENTS BE SETTLED BY ARBITRATION IN CALIFORNIA, TO THE EXTENT PERMITTED BY LAW.**

Exhibit C, at iii (emphasis in original).

Item 17 of the FDD stated that "[a]ll disputes under or relating to the Agreement shall be settled by arbitration is San Diego, California." *Id.*, at Item 17, ¶U, p.22.

The California State Addendum provided that:

The Franchise Agreement requires binding arbitration in San Diego, California, which shall be administered by the American Arbitration Association, located in San Diego, California, with the costs being borne by the party not prevailing.

Exhibit C, (FDD), at California State Addendum, ¶8.

Turning to the Franchise Agreement, section 16.14 provides:

Arbitration of Disputes. Except for disputes arising under Paragraph 14.3, any dispute, controversy or claim arising out of or related to this Agreement, or breach thereof, shall be settled by binding arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, at San Diego, California, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

Exhibit A, § 16.14.

Paragraph 14.3 of the Franchise Agreement likewise requires disputes to "be submitted to arbitration in accordance with Expedited Procedures Rules for commercial arbitration of the American Arbitration Association in San Diego, California[.]" *Id.,* § 14.3.

---

² The FDD is voluminous with information not germane to this Motion to Compel; Exhibit C is an abridged FDD.

3

Then, on December 7, 2021, Plaintiff disregarded the arbitration requirement and initiated this parallel proceeding by filing a Complaint in the U.S. District Court for the District of Colorado. (Dkt. 1, the "Complaint"). Three months later, Plaintiff filed its Motion for Preliminary Injunction. (Dkt. 9, the "Motion"). Plaintiff's Complaint and Motion are premised on the same facts as the Arbitration Demand. All of Plaintiff's claims are subject to arbitration.

## ARGUMENT

**I.     The Court Should Stay This Matter Pending Arbitration.**

Under the FAA,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, **the court** in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement**, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. §3 (emphasis added)

The Tenth Circuit and the Supreme Court have "long recognized and enforced a liberal federal policy favoring arbitration agreements." *National American Ins. Co. v. SCOR Reinsurance Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004) *quoting Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002). Under this policy, the "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Spahr v. Secco,* 330 F.3d 1266, 1269 (10th Cir.2003).

**A.  Plaintiff's Claims are Arbitrable.**

The Franchise Agreement requires every claim to be submitted to arbitration:

> <u>Arbitration of Disputes.</u> Except for disputes arising under Paragraph 14.3, any dispute, controversy or claim arising out of or related to this Agreement, or breach thereof, shall be settled by binding arbitration administered by the American

>Arbitration Association under its Commercial Arbitration Rules, at San Diego, California, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

Exhibit A, § 16.14.

The arbitration provision carves out "disputes arising under Paragraph 14.3," however, paragraph 14.3 also requires arbitration:

>14.3. In the event that Egoscue gives to Licensee any notice of default and/or notice of termination pursuant to Section 14.2, and Licensee disputes the right of Egoscue to terminate this Agreement pursuant to said notice or notices, then upon written demand made by Licensee upon Egoscue at any time prior to or within ten (10) days after notice of termination, **such dispute shall be submitted to arbitration in accordance with Expedited Procedures Rules for commercial arbitration of the American Arbitration Association in San Diego, California**, and the prevailing party, as determined by the arbitrator(s) shall be entitled to its reasonable attorney fees and costs.

Exhibit A, § 14.3 (emphasis added).

Thus, under the Franchise Agreement "*any* dispute, controversy or claim arising out of or related to this Agreement, or breach thereof, shall be settled by binding arbitration administered by the American Arbitration association under its Commercial Arbitration Rules…" Exhibit A, § 16.14. (Emphasis added).

When an arbitration clause covers "any dispute" arising from, related to or with respect to an agreement, as here, such an arbitration clause is considered broad and entitled to the presumption in favor of arbitrability. *See, e.g. Wolford v. Flint Trading, Inc.*, 2014 WL 3747177 at *2 (D. Colo. July 30, 2014) (Judge Daniel). Under that presumption, any disputes that "touch" the underlying contract should be arbitrated. *Id*. at *5.

Each of Plaintiff's claims arises from or is related to the Franchise Agreement. Plaintiff brings four claims premised on trademark use: service mark infringement; false designation of

5

origin; dilution of service mark; and unfair competition (collectively, the "Trademark Claims"); and two claims premised on trade secrets: misappropriation of trade secrets and defend trade secrets act (the "Trade Secret Claims"). Both the Trademark Claims and the Trade Secret Claims stem from rights granted under the Franchise Agreement. It is the Franchise Agreement that granted Defendants the right to use Plaintiff's alleged marks and therefore the Franchise Agreement will be analyzed to determine any unauthorized use. (Exhibit A, Franchise Agreement, at 1, 5-7, 9, 12, 28, 29, 38). Plaintiff's Trademark Claims repeatedly cite the Franchise Agreement, including the allegation that Mr. Lawrence "breached the provisions of paragraph 6.1" to infringe on Plaintiff's marks. *See* Complaint, ¶16.

For the Trade Secret Claims, Plaintiff argues Mr. Lawrence violated §6.1 of the Franchise Agreement when he allegedly misappropriated a client list, and that the client list was given to Plaintiff under the Franchise Agreement. *See* Complaint ¶¶ 35, 36, 52, 53. The Arbitrator will thus have to look to the Franchise Agreement to determine who owns the client list.

Thus, all of Plaintiff's claims touch the Franchise Agreement and must be arbitrated. If any doubt remains, the FDD confirms that California arbitration is required. *See* Exhibit C (FDD) at iii ("**FRANCHISE AGREEMENT REQUIRES THAT ALL DISAGREEMENTS BE SETTLED BY ARBITRATION IN CALIFORNIA**") (emphasis in original); *see also* Item 17, ¶U, p.22 ("All disputes under or relating to the Agreement shall be settled by arbitration in San Diego, California"); and Exhibit J to the FDD, California State Addendum ("The Franchise Agreement requires binding arbitration in San Diego, California[.]").

**B. Commercial Arbitration Rule 38 Affords Interim Relief.**

Plaintiff will likely argue that it is entitled to seek judicial assistance for emergency

injunctive relief. This argument would be misplaced.

The Commercial Arbitration Rules empower an arbitrator to "take whatever interim measures he or she deems necessary, including injunctive relief." AAA R-37(a). Rule 38 requires an expedited arbitration hearing and allows for emergency relief upon a showing of potential "immediate and irreparable loss or damage[.]" AAA R-38(e). The Franchise Agreement adopted the AAA rules, which mandate emergency and injunctive relief procedures under AAA R-38. It is thus irrelevant whether the AAA rules contemplate both injunctive relief in arbitration or before a judiciary; the parties contracted for an arbitrator to decide the dispute between them, and the arbitrator has that power.

Section 14.3 of the Franchise Agreement contemplates these expedited arbitration procedures. Section 14.3 requires certain disputes to be submitted to arbitration in accordance with the "Expedited Procedures Rules for commercial arbitration of the American Arbitration Association." (Exhibit A, §14.3).

### C. The Parties Agreed for the Arbitrator to Decide the Question of Arbitrability.

The Supreme Court has recognized that "parties may agree to have an arbitrator decide not only the merits of a particular dispute but also `gateway' questions of `arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Henry Schein, Inc. v. Archer & White Sales, Inc.,* 139 S.Ct. 524, 202 L.Ed.2d 480 (2019).

The AAA Rules grant the Arbitrator the exclusive jurisdiction to determine arbitrability. AAA Commercial Arbitration Rule R-7(a) (Jurisdiction) provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the

existence, scope or validity of the arbitration agreement." AAA R-7(a). Likewise, any dispute as to whether Rule 38 shall apply must be decided by the Arbitrator. Rule 38(d) provides that the arbitrator "… shall resolve any disputes over the applicability of this Rule 38." AAA R-38(d).

Incorporating the AAA rules in an arbitration provision provides "clear and unmistakable" evidence that the parties agreed to arbitrate "arbitrability." *Dish Network L.L.C. v. Ray,* 900 F.3d 1240, 1242 (10th Cir. 2018) ("Based on precedent from both this circuit and the state of Colorado, we are persuaded that the broad language of the Agreement and incorporation of the Rules clearly and unmistakably shows the parties intended for the arbitrator to decide all issues of arbitrability.")

The Franchise Agreement here incorporates the AAA Rules. <u>Exhibit A</u>, § 16.14. ("…shall be settled by binding arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules…"). The parties thus agreed to have the Arbitrator decide the threshold question of arbitrability.

There was no good faith basis for Plaintiff to file this Complaint in federal court other than to increase costs and attorneys' fees to Defendants, the parties least able to afford them. The Parties unmistakably agreed to submit all disputes to Arbitration. *Goodwin v. H.M. Brown & Assocs., Inc.*, No. 10-CV-01205-PAB-MEH, 2012 WL 163803, at *2 (D. Colo. Jan. 18, 2012) (awarding attorney fees following a successful motion to compel arbitration).

## **CONCLUSION**

Defendants request the Court enter an order dismissing the Complaint; staying this case pending a decision in the American Arbitration Association proceeding; awarding Defendants their reasonable attorney fees and costs pursuant to paragraph 16.9 of the Franchise Agreement or other applicable rule or statute, and for any other relief this Court deems proper. Should the Court deny

this Motion, Defendants will file an Answer within 14 days the Court's Order pursuant to Fed. R. Civ. P. 12(a)(4)(A). *Client v. Etsy, Inc.,* 2016 WL 3002369, *9 (D. Nev. 2016) (A motion to stay pending arbitration is considered a 12(b) motion as contemplated by Rule 12(a)(4)) *citing* 5C Charles Alan Wright & Arthur R. Liller, Federal Practice and Procedure § 1360.

DATED this 4th day of March, 2022.

**ROBINSON WATERS & O'DORISIO, P.C.**

By: /s/Nicholas F. Labor
*(Original Signature on file in Counsel's Office)*
Harold R. Bruno III
Nicholas F. Labor
Robinson, Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
hbruno@rwolaw.com, nlabor@rwolaw.com
*Counsel for Defendants*

## CERTIFICATE OF FILING AND SERVICE

      I hereby certify that on this 4th day of March, 2022, a true and correct copy of the foregoing **MOTION TO STAY PENDING ARBITRATION** was electronically filed with the Clerk of the Court and electronically served on all parties via PACER, and correctly addressed as indicated below:

R. Keith McKellogg,
7979 Ivanhoe Ave., Ste. 200
La Jolla, CA 82037
(858) 459-0583
kmckellogg@cmkr.com
Counsel for Plaintiff

                                                By:  */s/ James Andersen*
                                                       James Andersen
                                         *(Original Signature on file in Counsel's Office)*