IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03282-SKC

EGOSCUE, INC., a California corporation,

    Plaintiff,

v.

PAIN FREE POSTURE THERAPY LLC, a Colorado limited liability company,
ANU LAWRENCE, an individual, and,
JOHN DOE 1, whose true name is unknown
JOHN DOE 2, whose true name is unknown
JOHN DOE 3, whose true name is unknown
JOHN DOE 4, whose true name is unknown
JOHN DOE 5, whose true name is unknown

    Defendants.

## PLAINTIFF'S OPPOSITION TO MOTION TO STAY PENDING ARBITRATION

Plaintiff, Egoscue, Inc., submits the following opposition to Defendants' motion to stay this proceeding pending arbitration.

## INTRODUCTION

Defendants' motion to stay pending arbitration completely ignores the substantial body of law in a majority of the Federal Districts in the United States which have authorized preliminary injunctions to preserve the *status quo* pending arbitration.

Given this substantial body of appellate authority authorizing injunctive relief to preserve the *status quo*, Defendants' extensive analysis of the Egoscue Facility Franchise Agreement ("Franchise Agreement") provisions requiring arbitration is irrelevant.

{GR1448.DOCX:}

This opposition memorandum will review these authorities and the evolution of the principle that the Courts of Appeal have employed to authorize injunctive relief pending arbitration.

Appellate Courts throughout the United States have stated that an injunction to preserve the *status quo* pending arbitration may be issued where it is necessary to prevent conduct by the party enjoined from rendering the arbitral process a hollow formality.

A hollow formality is reached when the arbitral award when rendered could not return the party's substantially to the *status quo ante*.

In the within action, a major issue involves the continuing use by the Defendants of a password-protected customer list with 1,600 persons which Defendants have misappropriated after termination of their Franchise Agreement to develop their new business.

Simply stated, if the Defendants are permitted to continue to solicit clients on the customer list which is a trade secret, by the time the arbitration process is completed, the ability of Plaintiff to bring existing customers back will be irreparably damaged.

This memorandum will provide authority for the proposition that the Court has the jurisdiction to enjoin the continuing use of the password-protected 1,600 member customer list while the arbitration between the parties is pending.

I.   A MAJORITY OF FEDERAL CIRCUITS HAVE HELD THAT
THE DISTRICT COURTS HAVE JURISDICTION TO ISSUE
A PRELIMINARY INJUNCTION TO PRESERVE THE STATUS
QUO PENDING COMPLETION OF ARBITRATION.

In Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dutton, 844 F.2d 726, 726-28 (10th Cir. 1988), the Court of Appeals held that a preliminary injunction preserving the *status quo* until an arbitration is completed did not violate the Federal Arbitration Act ("FAA").

The preliminary injunction at issue in the action involved an employee removing client lists from Merrill Lynch files and soliciting her former Merrill Lynch clients for one year after her departure. The defendant resigned from Merrill Lynch; accepted a position with a competing broker; and, immediately following her resignation, began soliciting customers she had served while employed by Merrill Lynch – a fact pattern extremely similar to the one at issue in this litigation.

The Court issued a preliminary injunction enjoining the Defendant from use of her customer list and from soliciting those persons whom she had served while employed by Merrill Lynch.

In addition to this Tenth Circuit opinion, other Circuits have arrived at a similar result with respect to the jurisdiction of the District Courts to issue injunctive relief pending the completion of arbitration. Toyo Tire Holdings of Americas Inc. v. Continental Tire North America, Inc., 609 F.3d 975, 981-82 (9th Cir. 2010).

In PMS Distributing Co. v. Huber and Suhner, A.G., the Court of Appeals recognized that the congressional desire to enforce arbitration agreements would frequently be frustrated if courts were precluded from issuing preliminary injunctive relief

{GR1448.DOCX:}                                3

to preserve *status quo* pending arbitration and, *ipso facto*, the meaningfulness of the arbitration process.  PMS Distributing Co. v. Huber & Suhner, A.G., 863 F.2d 639, 641-42 (9th Cir. 1988) (quoting Teradyne, Inc. v. Mostek Corp., 797 F.2d 43, 51 (1st Cir. 1986).

Defendants concede that Plaintiff initiated the arbitration proceeding in accordance with the terms of the Franchise Agreement and that it is currently proceeding.

There is no AAA Commercial Arbitration Rule which requires Plaintiff to exclusively seek injunctive relief in the pending arbitration.  To the contrary, AAA Rule 37(c) contemplates an application for injunctive relief by any party and specifically states that interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

Further, as the Defendants referenced in their opposition, the arbitration hearing is scheduled to occur in July, 2022 such that the duration of the preliminary injunction sought by Plaintiff would be very brief and not in effect for the duration of a multi-year case as Defendants argue in their moving papers.

The hollow formality test was initially formulated in the Fourth Circuit opinion in Lever Bros. Co. v. International Chemical Workers Union, 554 F.2d 115 [4th Cir. 1976]. the Court stated in that opinion that an injunction to preserve the *status quo* pending arbitration may be issued where it is necessary to prevent conduct by the party enjoined from rendering the arbitral process a hollow formality.  Lever Bros. Co., 554 F.2 at 123.

The Declaration of Meta Haley in Support of Plaintiff's Motion for Preliminary Injunction [Documents 9-1, 9-2 to 9-8] describes the impact on Plaintiff's business associated with the continuing solicitation of the customer list individuals during the pendency of the arbitration.

The relationships between Plaintiff and its clients are multi-year relationships which are dependent on continuing contact with these clients. [Haley Dec., ¶ 13]

Plaintiff's ability to maintain its existing customer base has been significantly impaired by the manner in which Defendant Lawrence has solicited the business opportunities from the customer list. [Haley Dec., ¶ 14]

A number of clients have contacted Plaintiff's management and were confused about whether they would, in fact, be receiving the same treatment. This confusion was magnified by the fact that Defendant Lawrence had once been a trusted franchisee; and that many of the clients on the customer list, when solicited by him, did not understand why they would not, in fact, be receiving the same treatment they had previously been given as Plaintiff's client. [Haley Dec., ¶ 15]

Having access to the customer list, misappropriated by Defendants, affects substantial savings for Defendants in that they are not required to exclusively engage in marketing efforts for new customers and can rely on the existing base of customers for conducting future operations. [Haley Dec., ¶ 20]

The customer list is a substantial asset in the operation of Plaintiff's business against competing businesses of a similar type, including the Defendants' new business. This is made even more evident by the actions that Defendant Lawrence

took the day prior to termination to download this proprietary information to jumpstart his new business. [Haley Dec., ¶ 21]

If Defendants are not enjoined from continuing to solicit clients from the misappropriated customer list, Plaintiff will be required to start from scratch and develop a new customer list which would require substantial sums of money as well as years to potentially rebuild the Denver business operations. [Haley Dec., ¶ 22]

The First, Second, Third, Fourth, Sixth, Seventh, Ninth and Tenth Circuits each have held that a district court can and may afford injunctive relief pending arbitration. in Bloomingthal v. Merrill Lynch, Pierce, Fenner & Smith, 910 F.2d 1049, 1053 (2nd Cir. 1990), the Second Circuit explained that arbitration could become a hollow formality if parties are able to alter irreversibly the *status quo* before the arbitrators are able to render a decision of the dispute.

Likewise, the First Circuit in Teradyne Inc. v. Mostek Corp., 797 F.2d 43, 51 (1st Cir. 1986) held that because it preserves the live controversy and its stakes for the arbitrators, injunctive relief reinforces rather than detract from the policy of the Federal Arbitration Act.

In accord with this opinion is Ortho Pharm Corp. v. Amgen Inc., 882, F.2d 806, 813-14 (3rd Cir. 1989).

In Merrill Lynch, Pierce, Fenner & Smith Inc. v. Bradley, 756 F.2d 1048, 1050-1055 (4th Cir. 1985), the Court affirmed the hollow formality test and further reasoned that granting an injunction furthers congressional policy of the FAA by ensuring that the dispute resolution would be a meaningful process. Bradley, *supra*, 756 F.2d at 1054.

In <u>Performance Unlimited Inc. v. Questar Publishers Inc.</u>, 52 F.3d 1373, 1377-80 (6th Cir. 1995), the Court held that a District Court has subject matter jurisdiction under section 3 of the FAA to grant preliminary injunctive relief.

In <u>Sauer-Getriebe Kg v. White Hydraulics Inc.,</u> 715 F.2d 348, 351-352 (7th Cir. 1983), the Court adopted the same view as expressed by the other Circuits with respect to the availability of preliminary injunctive relief.

In <u>Toyo Tire Holdings of Ams. Inc. v. Continental Tire North America Inc.</u>, 609 F.3d 975, 981-982 (9th Cir. 2010), the Court as in other federal districts concluded that the existence of an arbitration clause in the contract between the parties did not preclude the issuance of a preliminary injunction.

## II.   CONCLUSION.

It is undisputed that there is an arbitration requirement in the Franchise Agreement and that Plaintiff initiated the arbitration proceeding in compliance with the Franchise Agreement. A majority of Federal Circuits in the United States have authorized preliminary injunctive relief to preserve the *status quo* pending completion of an arbitration between the parties.

There is no requirement in the AAA Commercial Arbitration Rules which requires Plaintiff to exclusively seek injunctive relief in the arbitration proceeding. AAA Rule 37(c) specifically contemplates the need for interim measures such as injunctive relief while the arbitration proceeding is pending and confirms that such injunctive relief is not inconsistent with the agreement to arbitrate or a waiver of the right to arbitrate.

Therefore, Plaintiff respectfully requests that the Court to deny Defendants' motion to stay and grant Plaintiff's currently-pending motion for a preliminary injunction to preserve the *status quo* pending arbitration.

Dated:  March 24, 2022                    Respectfully submitted,

*s/ R. Keith McKellogg*
R. Keith McKellogg, Esq.
Circuit, McKellogg, Kinney & Ross LLP
7979 Ivanhoe Avenue, Suite 200
La Jolla, CA 92037
Telephone: (858) 459-0581, Ext. 114
E-mail: kmckellogg@cmkr.com
Attorneys for Plaintiff, Egoscue, Inc.