IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:   1:21-cv-03282-SKC

EGOSCUE, INC., a California corporation,

    Plaintiff,

v.

PAIN FREE POSTURE THERAPY, LLC, a Colorado limited liability company, ANU LAWRENCE, an individual, and JOHN DOES.

    Defendants.

---

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PENDING ARBITRATION

---

Pain Free Posture Therapy, LLC and Anu Lawrence (collectively, "Defendants") reply in support of their Motion to Stay this proceeding pending arbitration pursuant to the Franchise Agreement's mandatory arbitration provision.

### **REPLY**

By incorporating the AAA rules into their arbitration provision, the Parties delegated the threshold question of arbitrability to the arbitrator. *Dish Network L.L.C. v. Ray,* 900 F.3d 1240, 1242 (10th Cir. 2018). The only question at this juncture is whether the agreement delegating the question of arbitrability to an arbitrator is unconscionable. Plaintiff cannot claim the arbitration provision is unconscionable because it relied on the arbitration provision when it initiated arbitration against Defendants five months ago in *Egoscue, Inc. v. Anu Lawrence and Pain Free Posture Therapy, LLC*, AAA Case No. 01-21-0017-2374.

Plaintiff's opposition brief does not refute the arguments made in Defendants' Motion to Stay. Namely, that the Franchise Agreement requires every claim to be submitted to arbitration; that the parties agreed for the Arbitrator to decide the threshold question of arbitrability; and that Commercial Arbitration Rule 38 affords Plaintiff the opportunity for interim relief to preserve the status quo.

Instead, Plaintiff argues that federal courts have held a preliminary injunction preserves the status quo pending arbitration. However, none of the cases cited by Plaintiff were decided after the American Arbitration Association promulgated Commercial Arbitration Rule 38 on October 1, 2013.  *Merrill Lynch v. Dutton*, 844 F.2d 726 (10th Cir. 1988); *Toyo Tire Holdings of Americas Inc. v. Continental Tire North America, Inc*., 609 F.3d 975 (9th Cir. 2010); *PMS Distributing Co. v. Huber & Suhner, A.C.*, 863 F.2d 639 (9th Cir. 1988); *Teradyyne, Inc. v. Mostek Corp.*, 797 F.2d 43 (1st Cir. 1986); *Lever Bros. Co. v. International Chemical Workers Union*, 554 F.2d 115 (4th Cir. 1976); *Bloomingthal v. Merrill Lynch*, 910 F.2d 1049 (2nd Cir. 1990); *Ortho Pharm Corp. V. Amgen Inc.*, 882 F.2d 806 (3rd Cir. 1989); *Merrill Lynch v. Bradley* 756 F.2d 1048 (4th Cir. 1985); *Performance Unlimited Inc. v. Questar Publishers Inc*., 52 F.3d 1373 (6th Cir. 1995); and *Sauer-Getriebe Kg v. White Hydraulics Inc*., 715 F.2d 348 (7th Cir. 1983);

None of these cases address a situation like this one, where Plaintiff has already initiated an arbitration under the Commercial Arbitration Rules with interim relief available under Rule 38.

The Final Arbitration Hearing is set for July 25-29, 2022. The Court should stay this matter and require Plaintiff to complete the pending arbitration it initiated against Defendants, pursuant to the terms of the Parties' mandatory arbitration clause in §16.14 of the Parties' Franchise Agreement.

## CONCLUSION

Defendants request the Court enter an order dismissing the Complaint; staying this case pending a decision in the American Arbitration Association proceeding; awarding Defendants their reasonable attorney fees and costs pursuant to paragraph 16.9 of the Franchise Agreement or other applicable rule or statute, and for any other relief this Court deems proper. Should the Court deny this Motion, Defendants will file an Answer within 14 days the Court's Order pursuant to Fed. R. Civ. P. 12(a)(4)(A). *Client v. Etsy, Inc.,* 2016 WL 3002369, *9 (D. Nev. 2016) (A motion to stay pending arbitration is considered a 12(b) motion as contemplated by Rule 12(a)(4)) *citing* 5C Charles Alan Wright & Arthur R. Liller, Federal Practice and Procedure § 1360.

DATED this 31st day of March, 2022.

**ROBINSON WATERS & O'DORISIO, P.C.**

By: _/s/Nicholas F. Labor_
*(Original Signature on file in Counsel's Office)*
Harold R. Bruno III
Nicholas F. Labor
Robinson, Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
hbruno@rwolaw.com, nlabor@rwolaw.com
*Counsel for Defendants*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 31st day of March, 2022, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PENDING ARBITRATION** was electronically filed with the Clerk of the Court and electronically served on all parties via PACER, and correctly addressed as indicated below:

R. Keith McKellogg,
7979 Ivanhoe Ave., Ste. 200
La Jolla, CA 82037
(858) 459-0583
kmckellogg@cmkr.com
Counsel for Plaintiff

                                            By:  */s/ Carrie Reynolds*
                                                      Carrie Reynolds
                                       *(Original Signature on file in Counsel's Office)*